09-0213-cv
Herzfeld v. JPMorgan Chase & Co.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25ᵗʰ day of November, two thousand and nine.

Present: JOSEPH M. MCLAUGHLIN,
        RICHARD C. WESLEY,
                *Circuit Judges*,
        LAWRENCE E. KAHN,
                *District Judge*.[*]

_____

ERIK HERZFELD,

            *Plaintiff-Appellant*,

        - v. -                              (09-0213-cv)

JPMORGAN CHASE BANK, N.A.,

            *Defendant-Appellee*.

_____

---

[*]   The Honorable Lawrence E. Kahn, of the United States District Court for the Northern District of New York, sitting by designation.

1

Appearing for Appellant:     JOHN T. SARTORE, Paul, Frank & Collins, Burlington, Vermont.

Appearing for Appellee:      JAMES J. COSTER, Satterlee, Stephens, Burke & Burke LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the United States District Court for the Southern District of New York be **AFFIRMED**.

Plaintiff, Erik Herzfeld, appeals from the district court's December 15, 2008 judgment and order granting summary judgment to Defendant, JPMorgan Chase Bank, N.A. ("JPMC" or the "Bank"). Plaintiff's sole allegation is that JPMC fraudulently induced him to remain employed by the Bank through false representations, and thereby, to forgo a position at another bank.

We presume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. After reviewing the district court's grant of summary judgment *de novo*, *see Global Network Commc'ns, Inc. v. City of New York*, 562 F.3d 145, 150 (2d Cir. 2009), we affirm for substantially the reasons stated by the district

court.  We note for purposes of clarity that the district court properly applied the standards for granting summary judgment when it stated that "factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are made for the first time in the plaintiff's affidavit opposing summary judgment and that affidavit contradicts [his] own prior deposition testimony." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

The parties assume that New York law governs this action, and "implied consent . . . is sufficient to establish choice of law."  *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (internal quotation marks omitted).  Under New York law, a plaintiff alleging fraud must show five elements by clear and convincing evidence: "(1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of plaintiff; and (5) resulting damage to the plaintiff." *Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *see also Gaidon v. Guardian Life Ins. Co.*, 94 N.Y.2d 330, 348-50 (1999).

As the New York Court of Appeals has cautioned, "[t]he elements of fraud are narrowly defined," and "[n]ot every misrepresentation or omission rises to the level of fraud." *Gaidon*, 94 N.Y.2d at 349-50; *see also Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 187 (2d Cir. 2004). A fraud claim must be based on the "representation of a material existing fact." *N.Y. Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 318 (1995). Further, a party has a duty to disclose information if it has made a "partial or ambiguous statement that requires additional disclosure to avoid misleading the other party" only when that party is aware that the other party is "operating under a mistaken perception of a material fact." *Remington Rand Corp. v. Amsterdam-Rotterdam Bank, N.V.*, 68 F.3d 1478, 1484 (2d Cir. 1995).

The district court properly concluded that the alleged misrepresentations on which Plaintiff's claim of fraudulent inducement is based were insufficient as a matter of law to defeat JPMC's motion for summary judgment. *See Herzfeld v. JPMorgan Chase Bank*, N.A., No. 07 Civ. 9439 (DLC), 2008 WL 5210992, at *2-5 (S.D.N.Y. Dec. 15, 2008). Herzfeld "failed

4

to make a sufficient showing on . . . essential element[s] of [his] case with respect to which [he] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court has reviewed Plaintiff's remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

```
                              For the Court
                              Catherine O'Hagan Wolfe, Clerk

                              By: _____
```